MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
MARK S. CLARK, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| CORPORATE EXPRESS, INC.  (D/B/A | |
| CORPORATE EXPRESS), ROBERT DE | **ECF Case** |
| DOMENICO, DANIEL CONTE, ANGEL | |
| ORTIZ, and ANTHONY DOE, | |
| *Defendants.* | |

------------------------------------------------------X

Plaintiff Mark S. Clark ("Plaintiff Clark" or "Mr. Clark"), individually and on behalf of others similarly situated by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Corporate Express, Inc. (d/b/a Corporate Express), ("Defendant Corporation"), Robert De Domenico, Daniel Conte, Angel Ortiz, and  Anthony Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiff Clark is a former employee of Defendants Corporate Express, Inc. (d/b/a Corporate Express), Robert De Domenico, Daniel Conte, Angel Ortiz, and Anthony Doe.

2.       Defendants own, operate, or control a bus rental service which operates in Manhattan and whose main office is located at 500 Supor Boulevard, 1st Floor, Harrison, New Jersey 07029 under the name "Corporate Express".

3.     Upon information and belief, individual Defendants Robert De Domenico, Daniel Conte, Angel Ortiz, and Anthony Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the bus rental service as a joint or unified enterprise.

4.     Plaintiff Clark was employed as a driver in Manhattan for the bus rental service located at 500 Supor Boulevard, 1st Floor, Harrison, New Jersey 07029.

5.     At all times relevant to this Complaint, Plaintiff Clark worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Clark appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Furthermore, Defendants repeatedly failed to pay Plaintiff Clark wages on a timely basis.

8.     Defendants' conduct extended beyond Plaintiff Clark to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Clark and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Clark now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Clark seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Clark's state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bus rental service located in this district. Further, Plaintiff Clark was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Mark S. Clark ("Plaintiff Clark" or "Mr. Clark") is an adult individual residing in Bronx County, New York.

15.    Plaintiff Clark was employed by Defendants at Corporate Express from approximately June 3, 2017 until on or about January 11, 2019.

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a Manhattan bus rental service whose main office is located at 500 Supor Boulevard, 1st Floor, Harrison, New Jersey 07029 under the name "Corporate Express".

17.     Upon information and belief, Corporate Express, Inc. (d/b/a Corporate Express) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 500 Supor Boulevard, 1st Floor, Harrison, New Jersey 07029.

18.     Defendant Robert De Domenico is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robert De Domenico is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Robert De Domenico possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clark, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Daniel Conte is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Daniel Conte is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Daniel Conte possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clark, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Angel Ortiz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Angel Ortiz is sued individually in his capacity as a manager of Defendant Corporation. Defendant Angel Ortiz possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clark, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Anthony Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anthony Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Anthony Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clark, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22.     Defendants operate a bus rental service which operates in Manhattan and whose principal office is located in the Harrison section of Hudson County in New Jersey.

23.     Individual Defendants, Robert De Domenico, Daniel Conte, Angel Ortiz, and Anthony Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Clark's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Clark, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Clark (and all similarly situated employees) and are Plaintiff Clark's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Clark and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants Robert De Domenico and Daniel Conte operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiff Clark's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Clark, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Clark's services.

30.    In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that are used in the bus rental service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.    Plaintiff Clark is a former employee of Defendants who was employed as a driver in Manhattan.

33.    Plaintiff Clarks seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mark S. Clark*

34.    Plaintiff Clark was employed by Defendants from approximately June 3, 2017 until on or about January 11, 2019.

35.    Defendants employed Plaintiff Clark as a driver.

36.    Plaintiff Clark regularly handled goods in interstate commerce, such as bus rental service and other supplies produced outside the State of New York.

37.    Plaintiff Clark's work duties required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Clark regularly worked in excess of 40 hours per week.

39.    From approximately June 2017 until on or about June 14, 2018, Plaintiff Clark worked throughout New York County from approximately 7:00 a.m. until on or about 7:00 p.m. which includes a four-hour break, five days a week (typically 40 hours per week).

40.    From approximately June 15, 2018 until on or about January 2019, Plaintiff Clark worked from approximately 6:00 a.m. until on or about 7:00 p.m. which includes a two-hour break, five days a week (typically 55 hours per week).

41.    Throughout his employment, Defendants paid Plaintiff Clark his wages in a combination of direct deposit and cash.

42.    From approximately June 2017 until on or about January 2019, Defendants paid Plaintiff Clark $10.00 per hour.

43.    For approximately one day of work, Defendants did not pay Plaintiff Clark any wages for his work.

44.    Plaintiff Clark was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

45.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Clark regarding overtime and wages under the FLSA and NYLL.

46.     Defendants did not provide Plaintiff Clark an accurate statement of wages, as required by NYLL 195(3).

47.     In fact, Defendants adjusted Plaintiff Clark's paystubs so that they reflected inaccurate wages and hours worked.

48.     Defendants did not give any notice to Plaintiff Clark of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

49.     Defendants required Plaintiff Clark to purchase "tools of the trade" with his own funds—including a pair of gloves and a headset.

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Clark (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

51.     Plaintiff Clark was a victim of Defendants' common policy and practices which violates his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages they owed for the hours he worked.

52.     Defendants' pay practices resulted in Plaintiff Clark not receiving payment for all his hours worked, and resulted in Plaintiff Clark's effective rate of pay falling below the required minimum wage rate.

53.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

54.     Defendants paid Plaintiff Clark his wages in a combination of direct deposit and cash.

55.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Clark (and similarly situated individuals) worked, and to avoid paying Plaintiff Clark properly for his full hours worked.

57.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Clark and other similarly situated former workers.

59.     Defendants failed to provide Plaintiff Clark and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60.     Defendants failed to provide Plaintiff Clark  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Clark brings his FLSA minimum wage, overtime compensation, and

liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or

were employed by Defendants or any of them, on or after the date that is three years before the filing

of the complaint in this case (the "FLSA Class Period").

62.     At all relevant times, Plaintiff Clark and other members of the FLSA Class were

similarly situated in that they had substantially similar job requirements and pay provisions, and

were subject to Defendants' common practices, policies, programs, procedures, protocols and plans

including willfully failing and refusing to pay them the required minimum wage, overtime pay at a

one and one-half their regular rates for work in excess of forty (40) hours per workweek under the

FLSA, and willfully failing to keep records under the FLSA.

63.     The claims of Plaintiff Clark stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64.     Plaintiff Clark repeats and realleges all paragraphs above as though fully set forth

herein.

65.     At all times relevant to this action, Defendants were Plaintiff Clark's employers

within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power

to hire and fire Plaintiff Clark (and the FLSA Class Members), controlled the terms and conditions

of his employment, and determined the rate and method of any compensation in exchange for his employment.

66.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68.     Defendants failed to pay Plaintiff Clark (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69.     Defendants' failure to pay Plaintiff Clark (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70.     Plaintiff Clark (and the FLSA Class members) was damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

71.     Plaintiff Clark repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Clark (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73.     Defendants' failure to pay Plaintiff Clark (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff Clark (and the FLSA Class members) was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

75.     Plaintiff Clark repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Clark's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Clark, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Clark less than the minimum wage.

78.     Defendants' failure to pay Plaintiff Clark the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79.     Plaintiff Clark was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

80.     Plaintiff Clark repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Clark overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.     Defendants' failure to pay Plaintiff Clark overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Clark was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

84.     Plaintiff Clark repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants failed to provide Plaintiff Clark with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

86.     Defendants are liable to Plaintiff Clark in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

87.     Plaintiff Clark repeats and realleges all paragraphs above as though fully set forth herein.

88.     With each payment of wages, Defendants failed to provide Plaintiff Clark with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89.     Defendants are liable to Plaintiff Clark in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

90.     Plaintiff Clark repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants required Plaintiff Clark to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

92.     Plaintiff Clark was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

93.     Plaintiff Clark repeats and realleges all paragraphs above as though set forth fully herein.

94.     Defendants did not pay Plaintiff Clark on a regular weekly basis, in violation of NYLL §191.

95.     Defendants are liable to Plaintiff Clark in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clark respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Clark and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Clark and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Clark's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Clark and the FLSA Class members;

(f)     Awarding Plaintiff Clark and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Clark and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Clark;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Clark;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Clark;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Clark's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Clark;

(m)     Awarding Plaintiff Clark damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Clark damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Clark liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Clark and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Clark and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Clark demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 29, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 18, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Mark S. Clark

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          January 18, 2019

*Certified as a minority-owned business in the State of New York*