UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK S. CLARK, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

CORPORATE EXPRESS, INC. (D/B/A CORPORATE EXPRESS), ROBERT DE DOMENICO, DANIEL CONTE, ANGEL ORTIZ, and DIEGO DOE,

*Defendants.*

Case No. 19-cv-04983-GHW

SETTLEMENT AGREEMENT
AND
<u>RELEASE</u>

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Mark S. Clark ("Plaintiff Clark") on the one hand, Corporate Express, Inc.(d/b/a Corporate Express) ("Defendant Corporation"), Robert de Domenico, Daniel Conte, Angel Ortiz, and Diego Doe, ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Clark alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Clark's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-04983-GHW (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and regulations; and

WHEREAS, on September 25, 2019 the parties participated in a mediation conducted by mediator Michael Wolfson through the mediation program of the Southern District of New York when the parties reached a settlement in principle;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: In Consideration for Plaintiff's release of claims as provided in paragraph 2 of this Agreement, Defendants shall pay or cause to be paid to Plaintiff Clark, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Clark may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Clark, the gross

1231196.1

Labor Law §§ 1 *et seq.* and all applicable regulations including but not limited to 12 NYCRR 146 *et seq;* the Wage Theft Prevention Act, the New York Equal Pay Law; and all other New York State and Federal Wage and Hour Laws based upon any conduct occurring from the beginning of the world to the date this Agreement is executed..

       3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

       4.    <u>Sufficiency of Consideration</u>: Plaintiff expressly understands and agrees that the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiff might be, is now, or may become entitled to receive from Defendants upon any claim asserted in the Litigation and referenced in paragraph 2 of this Agreement. Plaintiff expressly waives any right or wage-related claim that he may have, or may assert, regarding claims against Defendants for payment of back pay, interest, bonuses, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, life insurance benefits, overtime, severance pay, liquidated damage and/or attorneys' fees or costs with respect to or derivative from Plaintiff's employment with Defendants. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff referenced in paragraph 1 of this Agreement constitutes a fair and reasonable resolution of a *bona fide* dispute over a provision of the Fair Labor Standards Act.

       5.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Clark and Defendants.

       6.    <u>Acknowledgments:</u>  Plaintiff Clark and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

       7.    <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Clark:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

**Jeffrey Douglas**
FordHarrison LLP
60 East 42nd Street, 51st Floor
New York, NY 10165
212-453-5900
Fax: 212-453-5959
Email: jdouglas@fordharrison.com

      8.      <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York for the enforcement of this agreement. Acceptance of jurisdiction by the United States District court is a material term of this agreement.

      9.      <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Clark agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

      10.      <u>Release Notification</u>: Defendants and Plaintiff have discussed the terms of this Agreement and release of claims with their respective legal counsel and Plaintiff Clark acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Clark acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff Clark confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

      11.      <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: _____
    MARK S. CLARK


DEFENDANTS:

*Defendant Corporation*

By: _*[signature]*_____     Date: 1/24/20
    Corporate Express, Inc.
    (d/b/a Corporate Express)


*Individual Defendants*

By: _*[signature]*_____     Date: 1/24/20
    Robert de Domenico

By: _*[signature]*_____     Date: 1/24/20
    Daniel Contegiacomo

By: _____N/A_____     Date: _____
    Angel Ortiz

By: _____N/A_____     Date: _____
    Diego Doe

**PLAINTIFF:**

By: _____*/s/ Mark S. Clark*_____     Date: _1 · 2 · 20_
    MARK S. CLARK

**DEFENDANTS:**

*Defendant Corporation*

By: _____     Date: _____
    Corporate Express, Inc.
    (d/b/a Corporate Express)


*Individual Defendants*

By: _____     Date: _____
    Robert de Domenico


By: _____     Date: _____
    Daniel Conte


By: _____     Date: _____
    Angel Ortiz


By: _____     Date: _____
    Diego Doe