sum of Twenty-Three Thousand Seven Hundred and Fifty Dollars and Zero Cents ($23,750.00) (the "Settlement Amount") to be paid as follows thirty (30) days after the court enters approval of this Agreement:

    a.      one check in the amount of Fifteen Thousand Two Hundred Eighty-Eight Dollars and Zero Cents ($15,288.00) made payable to "Mark S. Clark" for which an IRS Form 1099 shall be issued;

    b.      One check in the amount of Eight Thousand Four Hundred Sixty-Two Dollars and Zero Cents ($8,462.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Clark," for which an IRS Form 1099 shall be issued.

    c.      The checks shall be delivered to Plaintiff's counsel office Michael Faillace & Associates, P.C offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165.

    d.      In order to receive the settlement payments described in paragraph 1(a) and 1(b), Plaintiff must complete and return an IRS Form W-9 and his attorney Michael Faillace & Associates must also complete and return an IRS Form W-9 to counsel for Defendants.

    e.      In the event Defendants fail to pay the Settlement Amount when due as set forth in paragraph (1)(a) above, Plaintiff's counsel shall send a notice of default to Defendants' attorney, Jeffrey Douglas, Esq., via U.S. Mail to Ford Harrison LLP, 60 East 42nd Street, 51st Floor, New York, NY 10165 and e-mail to JDouglas@fordharrison.com. Defendants shall have ten (10) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiff shall. In the event that payment is not made within the opportunity to cure period, Plaintiff will be free to seek enforcement of the Settlement Agreement in the United States District Court for the Eastern District of New York.

    f.      Tax Liability. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Plaintiff as part of this Agreement, Plaintiff shall pay his own share as an employee of that assessment. Plaintiff acknowledges that even if he does not receive a Form 1099 in connection with the sum(s) to be paid hereunder, Plaintiff is responsible for paying all of such an assessment. Plaintiff also agrees to pay or indemnify and hold Defendants harmless for any and all related withholding taxes, interest or penalties incurred by Defendants and that Defendants may be required to pay to any taxing authorities relating to any payments made to Plaintiff pursuant to this Agreement.

    2.      Release and Covenant Not To Sue: Plaintiff Clark hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Clark at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation and any and all claims relating to the payment of wages including but not limited to claims asserted under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the New York State